*Chittenden, December, 1825.*

*Mack et al, vs. Snider.*

---

GARDNER PAGE, appellant, *vs.* ELIJAH HURD and PAUL WHITNEY, Trustees of *William Thayer*, appellee.

*Franklin, January. 1826.*

A judgment, not upon the merits of the *cause of action*, and which, if it had been the other way, would have been technically an interlocutory judgment, is nevertheless, if it place either party out of court, a judgment from which an appeal lies to the supreme court, under the third section of the Judiciary Act.

THE facts in this case will sufficiently appear, in the following opinion of the Court, delivered by

HUTCHINSON, J. This action was brought before the county court, in Franklin county, March term, 1825, when said Thayer appeared by his attornies, *Fisk* and *Stevens*, and moved that said trustees be discharged, because said Thayer was not an absconding or concealed debtor. The cause was continued for consideration, till September term of said county court, when said court decided, and discharged said trustees from said action. From that decision an appeal was taken to this Supreme Court. A motion is now made to dismiss that appeal: and the only question agitated is, whether the decision of the county court is such a judgment that an appeal from it is allowable by law.

The third section of the Judiciary act, then in full force, allows an appeal, in all cases originally commenced before the county court, from the judgment of said county court to the supreme court. There are several provisos to that section, taking away

*Stat. 53.*

14

*Franklin,*
January,
1826. this right of appeal, in certain cases therein named.    The
present case is not within any of those provisos; so that the ap-
peal is sustainable, if the decision amounts to a judgment within
Page
*vs.*
Hurd *et al.*
Trustees of
Thayer. the meaning of the statute allowing appeals.   It is objected,
that this was only an interlocutory judgment, and not a final
judgment upon the merits of the action : this is not a judgment
upon the merits of the cause of action.    That is, it decides no-
thing about Thayer's liability to Page, in some sort of action.
And, had the court decided not to dismiss, it would have been
technically an interlocutory judgment, leaving the action in
court to be tried upon its merits.    But the decision to dismiss
is a final judgment against the plaintiff's right to pursue Hurd
and Whitney, as trustees of Thayer, unless the plaintiff can have
an appeal.    All decisions, which place either party out of court,
are properly called judgments, and are such from which an ap-
peal ought to be allowed, if the action, in its nature, is appeala-
ble.   Here the plaintiff contends, that Thayer has so absconded
or concealed himself, that he may rightly be pursued by trustee
action.   Thayer contests this right, and raises the question by
a motion to dismiss.   The court decided in favor of the defend-
ant.   The plaintiff has appealed, and this Court sustains the ap-
peal, and gives the plaintiff a right again to try the same ques-
tion.

*Orlando Stevens,* attorney for the principal debtor.